## JOHN J. SIEBERT
### v.
## JOSÉ A. VIVONI ET AL.

---

Mayaguez, Law, No. 185.

1. The court will, on demurrer, strike from an answer in an action for libel, a denial that the words are actionable *per se*, when, in the opinion of the court, such words are grossly libelous.
2. A bill of particulars may be ordered in a libel suit.

Opinion filed June 22, 1907.

---

*Messrs. Horton & Cornwell,* attorneys for plaintiff.

*Mr. Salvador Mestre,* attorney for defendants.

RODEY, Judge, delivered the following opinion:

This is an action for libel by the plaintiff against three defendants. José A. Vivoni and Manuel Ramirez Ortiz filed answers which were demurred to, and, on the hearing as to the

III. PORTO RICO—11.

demurrer, they took leave to amend their answers, and did so, leaving issuable pleas on the record. This particular defendant, Dionisio Ulises Pabón, also filed an answer which was demurred to, but he did not take leave to amend, and stood on his demurrer. His answer contains five paragraphs. The first traverses and avoids the allegation of the petition as to the occupation of the plaintiff; the second denies that the words alleged to have been published are malicious or libelous; the third denies that the plaintiff has suffered any damages in any sum whatever; the fourth denies that the matter published is defamatory or actionable *per se;* and the fifth justifies by alleging the truth of the publication, and offers to prove it. The demurrer sets out that the answer does not state facts that constitute a defense, and that it is ambiguous, etc., in that it does not appear from it what defense is relied upon, and because the different allegations thereof are inconsistent with each other. The respective counsel have filed memoranda of their authorities in the premises before us, and we have examined the same.

We have recently had occasion to give the question of libel a considerable examination in the Stokes v. Dooley Case, ante, 1, wherein we filed a somewhat extensive opinion, and therefore feel that the subject is so fresh in our mind as to be able to pass upon the issue here without any citation of authority, referring entirely to our opinion in that case as authority for our action.

We have examined the answer carefully, and while it is not as specifically drawn as we would like to see, still we feel that under §§ 571 and 572 of the Revised Statutes of Porto Rico it ought to be permitted to stand, save paragraph 4 thereof, denying that the matter is actionable *per se.* With this we

cannot agree, for we think the matter is grossly libelous, particularly as it is alleged to be published of the plaintiff in his official capacity. The 5th paragraph of the answer, while not specific, still we think it ought to be permitted to stand as an attempted justification, and, as stated in the Stokes v. Dooley Case, supra, the plaintiff will be relegated to his remedy for a bill of particulars, and the bill of particulars, when furnished, which must be within five days after plaintiff demands it, must specify delinquencies connected with the text of the libelous matter as alleged to have been published.

Therefore, if defendants shall not furnish a bill of particulars within five days after a written demand is filed therefor, the demurrer will stand sustained to the entire answer, because, in the event of its being sustained as to paragraph 5, which eliminates the justification, it should also be sustained as to paragraphs 2 and 3, and that would necessarily eliminate the answer from the files and record, and entitle the plaintiff to judgment, and it is so ordered.